PER CURIAM.
We reverse the final judgment for appel-lees and remand for new trial as we believe the combination of appellees’ successful “stonewalling” of discovery, the trial court’s admission of documents not designated on appellees’ pretrial pleadings and the trial court’s refusal to admit an absent witness’ deposition produced an unfair trial and the confusion about which the trial court remarked in its final judgment.
On remand the parties are to use their best efforts to achieve an informed, unconfused result by the trial court on the issues of payment and delivery. The trial court is directed to take a firmer hand in achieving this result, and specifically is to require responsive answers to appellant’s discovery inquiries. At retrial, the three checks and one lien waiver in question will be admissible because appellant now has knowledge of them existence. Upon another showing of the proper predicate at retrial, as we conclude was established, the deposition at issue is to be admitted. Florida Rule of Civil Procedure 1.330(a)(3) provides no exception for an employee of a party.
Appellant is not entitled to two bites of the apple, but is entitled to one fair one. In reversing, we recognize that the ultimate result may be the same but, at least, it will have been fairly achieved without confusion or stonewalling.
GLICKSTEIN and SHAHOOD, JJ., and GRIFFIN, JACQUELINE R., Associate Judge, concur.